IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD STEYSKAL,<br><br>Defendant. | 8:26CR11<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Mikala Purdy-Steenholdt, Assistant United States Attorney, respectfully submits this sentencing memorandum.

## I.    WITNESSES

The government does not intend to call any witnesses.

## II.    EXHIBITS

The government does not intend to offer any exhibits.

## III.    INTRODUCTION

On April 17, 2026, Defendant pled guilty to a one-count Indictment charging him with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  (RPSR ¶ 3).  The Court accepted Defendant's plea of guilty.  *Id*.

The Revised Presentence Investigation Report (RPSR) calculated Defendant had 0-criminal history points resulting in a criminal history category I designation.  (RPSR ¶¶ 38, 39).  Defendant has a base offense level of 14.  (RPSR ¶ 25).  Defendant received a 2-level reduction for acceptance of responsibility.  (RPSR ¶ 31).  Therefore, Defendant has an adjusted total offense level of 12.  (RPSR ¶ 32).  Accordingly, Defendant's sentencing guideline range is 10 to

16 months.  (RPSR ¶ 88).  There is no statutory minimum sentence but the maximum is 15 years' imprisonment.  (RPSR ¶ 87).

### IV.     CONTESTED GUIDELINE ISSUES

There are no contested guideline issues.

### V.     FACTUAL BACKGROUND

On December 3, 2025, Defendant went to Sol's Jewelry and Loan in Omaha, Nebraska and pawned a shotgun.  (RPSR ¶ 9).  The shotgun in question is a J Stevens Firearm Model 620 20-gauge shotgun with no serial number.[1]  *Id*.  Defendant was seen on camera pawning the firearm whereby he provided his Nebraska driver's license, signature, and fingerprints.  *Id*.  The firearm was transported across a state line at some time during or before Defendant's possession of it as it was manufactured in Massachusetts.  (RPSR ¶ 10).  Defendant knew he was a felon at the time he pawned the firearm and was therefore prohibited from possessing the firearm.  (RPSR ¶ 12).  In particular, Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Possession of a controlled substance, in case number CR13-360, convicted on or about March 24, 2014, in the District Court of Sarpy County, Nebraska.  (RPSR ¶ 11).

### VI.     THE 18 U.S.C. § 3553A FACTORS WARRANT A SENTENCE AT THE LOW END OF THE GUIDELINE RANGE

Under 18 U.S.C. § 3553(a), the Court should impose a sentence that takes into consideration *inter alia* the history and characteristics of the defendant as well as the nature and circumstances of the offense.  For the reasons discussed below, these considerations warrant a sentence at the low-end of the guideline range.

---

[1] The shotgun does not have a serial number because it was produced prior to the Gun Control Act of 1968.  (RPSR ¶ 18).

Though Defendant qualified as a criminal history category I due to zero-criminal history points, he does have a criminal history. Indeed, Defendant is a felon due to his prior drug conviction. (RPSR ¶ 35). In addition to this conviction, Defendant's history on court-ordered supervision prior to the instant case was aggravating. Following his felony conviction, Defendant was unsuccessfully discharged from probation in 2018 after accruing six sanctions for failing to report for drug testing, testing positive for drugs, and/or admitting to using drugs. *Id.* Defendant also obtained convictions for theft-shoplifting $0-$200 as well as a failure to appear or comply with citation. (RPSR ¶ 13). Though Defendant's criminal history is not amongst the most egregious this Court has seen, his zero-point offender status coupled with his criminal history category I designation does not accurately reflect his full criminal history. For these reasons, a sentence at the low-end of the guideline range is appropriate.

The nature and circumstances of the offense are generally concerning in that felons should not possess firearms—regardless of the reasons. As such, a sentence at the low end of the guideline range serves as general and individual deterrence to felons to be mindful about not possessing firearms.

## VII.   CONCLUSION

Based on the aforementioned reasons, the United States respectfully requests the Court to sentence Defendant to the low end of the guideline range.

DATED this 8th day of July 2026.

UNITED STATES OF AMERICA
Plaintiff

LESLEY A. WOODS
United States Attorney

By:    s/ Mikala Purdy-Steenholdt
MIKALA PURDY-STEENHOLDT
(NY#5112289)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel:  (402) 661-3700

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the attorney of record.

s/ Mikala Purdy-Steenholdt
MIKALA PURDY-STEENHOLDT
Assistant United States Attorney

4